UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NORDINE BOUMAZZOUGHE and ANNE
DUMOUTIER,

      Plaintiffs,

v.                                                              Case No:   6:15-cv-798-Orl-40TBS

BRUCE ROUDEBUSH,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court are Defendant's Motion to Dismiss or, In the Alternative, Motion for More Definite Statement (Doc 12) and Plaintiff's response in opposition (Doc. 15).   Upon due consideration, I respectfully recommend that the motion be **DENIED**.

### I. Background

Plaintiffs, Nordine Boumazzoughe and Anne Dumoutier, bring this breach of contract suit against Defendant, Bruce Roudebush, alleging that Defendant failed to honor his contractual obligations under a settlement agreement reached between the parties (Doc. 1 at 1-5).   Plaintiffs have filed a three-count complaint against Defendant for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment.   (Doc. 1).   Plaintiffs allege that along with Defendant, they held ownership interests in multiple business entities in the United States and Belgium (Id., ¶ 6).   During the third quarter of 2014, Plaintiffs and Defendant agreed to terminate their business relationships (Id., ¶ 8).   An agreement to terminate was prepared, but Defendant disputed the payment he was supposed to receive (Id., ¶¶ 8, 9).   Discussions and a voluntary mediation ensued, and on February 3, 2015, Plaintiffs provided

Defendant with a draft settlement agreement (Id., ¶¶ 10, 11).   Defendant retained Florida attorney Donna Draves to advise him with respect to the agreement.   Draves communicated directly with Plaintiff Nordine Boumazzoughe, and requested documents from him (Id., ¶¶ 12, 13).   Draves made revisions to the proposed settlement agreement, most of which were accepted by Plaintiffs (Id., ¶ 14).   On February 13, 2015, Plaintiffs and Defendant signed the settlement agreement, a copy of which Plaintiffs attach to their complaint (Id., ¶¶ 15, 16).   See (Doc. 1-1).

The settlement agreement contains the following release language:

> The Settling Parties hereby remise, release, acquit, satisfy, and forever discharge each other and all of the Ongoing Business parties and each of such Ongoing Business Parties' respective past or present subsidiaries, affiliated corporations, joint ventures, partnerships, directors, officers, agents, shareholders and equity holders, employees, successors, members, managers, assigns, heirs, executors, administrators and predecessors of and from any and all actions, causes of action, claims (including, without limitation, claims for indemnification, breach of fiduciary duty, breach of contract or breach of any other obligation) liabilities, attorneys' fees, losses of any kind, injuries, suits, debts, notes, accounts, covenants, contracts, controversies, agreements, promises, damages, judgments and demands whatsoever, in law or in equity, whether normal, special, consequential, punitive or otherwise, that the Withdrawing Party had, have or may have, whether known or unknown, suspected or unsuspected, vested or contingent, past or present, direct or derivative, against any of the Ongoing Business Parties with respect to actions, events, circumstances, omissions or matters (Including, but not limited to the Dispute) arising on or before the Effective Date (collectively "Claims", and individually a "Claim").

(Doc. 1-1, ¶ 2).

The settlement agreement also contains the following non-disparagement clause:

> The Settling Parties will not, directly or indirectly, make any disparaging statements (i.e. statements harmful to business

interests, reputation or good will) in any form (orally, in writing, etc.) against each other.

(Id., ¶ 11).

According to the averments in a lawsuit filed in the United States District Court for the Middle District of Florida styled: <u>One GMA, LLC v. Boumazzoughe, et al</u>., Defendant assigned causes of action he claimed to have against Plaintiffs to One GMA, L.L.C., (Doc. 1, ¶¶ 20-21).   Plaintiffs also allege that Defendant made statements to One GMA, L.L.C. that Plaintiffs had made misrepresentations to Defendant, engaged in fraudulent conduct toward Defendant, breached their agreement with Defendant, and engaged in other misconduct (Id., ¶ 22).

Count I of Plaintiffs' complaint is an action for breach of contract, alleging that Defendant breached the release provision of the settlement agreement when he purported to assign claims against Plaintiffs to One GMA, L.L.C. (Id., ¶ 27).   Plaintiffs also claim that Defendant breached the non-disparagement provision of the settlement agreement based upon his alleged statements and misrepresentations to One GMA, L.L.C. (Id., ¶ 28).   Plaintiffs aver that they have performed their obligations under the settlement agreement and that they have been damaged by Defendant's breaches of the agreement (Id., ¶¶ 29-30).

Count II of Plaintiffs' complaint alleges that the settlement agreement includes an implied covenant of good faith and fair dealing which Defendant breached by his actions, thereby causing Plaintiffs to suffer damages (Id., ¶¶ 32-34).

Count III seeks declaratory relief pursuant to 28 U.S.C. § 2201 (Id., ¶ 38). Plaintiffs request a declaration from the Court that Defendant, upon execution of the settlement agreement, did not have any right, title, or interest in any claim, demand, or

account to assign to One GMA, L.L.C. (Id.).   Plaintiffs allege the existence of a bona fide, actual, present need for a declaration from the Court regarding the propriety of the assignment of claims and that the conflict between the parties is real, immediate and ongoing (Id., ¶¶ 40-41).

Defendant's motion to dismiss or alternatively, for a more definite statement, argues that Plaintiffs' allegations regarding "numerous material breaches" is too unclear and vague such that Defendant is unable to respond to the complaint (Doc. 12 at 1). Defendant also asserts that the absolute litigation privilege immunizes a party to a non-disparagement agreement from liability for breaching that agreement by words written in the course of a judicial proceeding (Id. at 2).   Plaintiffs have filed a memorandum in opposition urging the Court to deny Defendant's motion (Doc. 15).   They contend that each of their claims is clearly labeled and the basis for each claim is articulated as required by Fed. R. Civ. P. 8 (Id. 1-2).   Plaintiffs also submit that Defendant made the statements attributed to him separate and independent from any judicial proceeding so that they are not covered by any litigation privilege (Id. at 3-7).   Lastly, Plaintiffs ask the Court to disregard Defendant's discussion of the release, because Defendant does not allege that the release is unenforceable (Id. at 3).

## II. Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).   A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milbum v. United

States, 734 F.2d 762, 765 (11th Cir.1984).   In ruling on a motion to dismiss, the Court must accept the well-pleaded factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff.   SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir.1988).   The Court must limit its consideration to the pleadings and any exhibits attached thereto.   FED. R. CIV .P. 10(c); see also GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

The plaintiff must provide enough factual allegations to raise the right to relief above the speculative level, Twombly, 550 U.S. at 555, and to indicate the presence of the required elements, Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.   Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.   Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."   Id. 678 (internal citations and quotations omitted).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the plaintiff is entitled to relief.'"   Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Federal Rule of Civil Procedure 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so

vague or ambiguous that the party cannot reasonably prepare a response.   Fed. R. Civ.
P. 12(e).

## III. Discussion

Florida law applies to Plaintiffs' breach of contract claim.   See In re Chira, 567
F.3d 1307, 1311 (11th Cir. 2009) (federal courts sitting in diversity generally apply state
law to questions of contract).   To state a claim for breach of contract under Florida law, a
plaintiff must allege "(1) a valid contract, (2) a material breach, and (3) damages."   Beck
v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999).   Defendant complains
that Plaintiffs' allegations of "numerous material breaches" is so unclear and ambiguous
that he cannot respond.   I disagree.   The complaint alleges the existence of a valid
settlement agreement which Defendant breached in two respects.   First, by purportedly
assigning released claims to One GMA, L.L.C.[1]  (Doc. 1 at 3-6).   Second, by making
misrepresentations and statements to One GMA, L.L.C. about Plaintiffs in violation of the
non-disparagement provision in the agreement (Id. at 4-6).   Plaintiffs allege they have
suffered damages as a result of these breaches (Id., ¶ 30).   Thus, the complaint
sufficiently alleges facts to satisfy the pleading requirements in Fed. R. Civ. P. 8(a), and
Ashcroft v. Iqbal, 556 U.S. 662 (2009), and states a cause of action for breach of contract.
Accordingly, I recommend that Defendant's motion to dismiss Count I be denied.
Because Plaintiffs' allegations sufficiently plead a cause of action for breach of contract, a
more definite statement is not necessary and I recommend that this aspect of
Defendant's motion similarly be denied.

---

[1] I agree with Plaintiffs that Defendant's discussion of how courts interpret releases under Florida
law serves no useful purpose in evaluating Defendant's motion to dismiss.

Defendant next argues that Plaintiffs' claim for breach of contract for disparagement fails because the absolute litigation privilege immunizes him from any liability for breaching the non-disparagement agreement by words written in the course of a judicial proceeding.   Defendant cites the recent case of James v. Leigh, 145 So. 3d 1006 (Fla. Dist. Ct. App. 2014), in support of his position.   Defendant also references the allegations in paragraphs 20 and 21 of the complaint regarding "pleadings filed" in the case of One GMA, L.L.C. v. Boumazzoughe, et al., to support his contention that the privilege applies.   Florida courts recognize a litigation privilege that affords a litigant absolute immunity for acts occurring during the course of judicial proceedings.   See, e.g., Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1274 (11th Cir. 2004).   But, that is not a basis for dismissal where, as here, Plaintiffs have not alleged that Defendant's statements were made in a judicial proceeding and Defendant was not a party to the One GMA litigation.[2]   Thus, dismissal based on any litigation privilege would not be appropriate.

Defendant's motion does not specifically attack Counts II and III of the complaint, except to say "the Complaint is pled in such a manner that it is impossible to discern what other counts, if any, Plaintiff [sic] is suing Defendant."   (Doc. 12, ¶ 1).   I don't know what this means.   Nevertheless, in the interests of completeness, I will discuss the remaining counts of the complaint.

Count II alleges that Defendant's actions breached the implied covenant of good faith and fair dealing.   "Florida contract law does recognize an implied covenant of good

---

[2] The One GMA, L.L.C. litigation has been voluntarily dismissed and closed, see One GMA, L.L.C. v. Boumazzoughe, et al., Case No. 6:15-cv-586 at (Docs. 28, 29).   This point was not raised in the motion to dismiss, and at this time, I take no position on what impact, if any, it may have on Plaintiffs' action for declaratory relief.

faith and fair dealing in every contract."[3]   QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc., 94 So. 3d 541, 548 (Fla. 2012) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999); Barnes v. Burger King Corp., 932 F. Supp. 1420, 1438 (S.D. Fla. 1996); County of Brevard v. Miorelli Eng'g, Inc., 703 So.2d 1049, 1050 (Fla.1997); Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc., 785 So.2d 1232, 1234-35 (Fla. Dist. Ct. App. 2001)).   The covenant is intended to protect "the reasonable expectations of the contracting parties in light of their express agreement."   QBE Ins. Corp., 94 So. 3d at 548 (citing Barnes, 932 F. Supp. at 1438).   A cause of action for breach of the implied covenant of good faith does not exist "absent an allegation that an express term of the contract has been breached."   Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So. 2d 787, 792 (Fla. Dist. Ct. App. 2005) (quoting Ins. Concepts, 785 So.2d at 1234).   Plaintiffs have plead express breaches of the settlement agreement.   Taking these well-pled allegations as true, Count II states a cause of action for breach of the implied covenant and dismissal is not warranted.

The complaint also contains sufficient allegations to state a claim for declaratory relief under 28 U.S.C. § 2201.   "Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'"   Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (citing Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985)).   Accepting Plaintiffs' allegations as true, they have alleged the existence of a bona fide, actual,

---

[3] There are two limitations, neither of which applies here: (1) where application of the covenant would contravene the express terms of the agreement; and (2) where there is no accompanying action for breach of an express term of the agreement.   See QBE Ins. Corp., 94 So. 3d at 548 (citing Ins. Concepts, 785 So.2d at 1234).

present need for a declaration regarding the propriety of the assignment of claims to One

GMA (Doc. 1, ¶ 40).   Consequently, Count III sufficiently alleges a claim for declaratory

relief and Defendant's motion to dismiss should be denied.

## IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Defendant's

Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 12) be

**DENIED** and that Defendant be directed to answer the complaint within fourteen (14)

days.

Specific written objections to this report and recommendation may be filed in

accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   A party waives the right to challenge on

appeal a finding of fact or conclusion of law adopted by the district judge if the party fails

to object to that finding or conclusion within fourteen days after issuance of the Report

and Recommendation containing the finding or conclusion.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 11, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record